IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY STUART, *on behalf of herself and all others similarly situated,* ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION FILE NO._____ |
| v. ) ) | **CLASS ACTION COMPLAINT** |
| CREDIT CONTROL, LLC, ) ) | |
| Defendant. ) ) | |

## NATURE OF ACTION

1. Plaintiff Kimberly Stuart ("Plaintiff") brings this putative class action against Defendant Credit Control, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not

1

competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. The FDCPA "is a strict liability statute that does not require a consumer to show intentional conduct by a debt collector to establish a violation." *Mueller v. Barton,* No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *13 (E.D. Mo. Sept. 12, 2014).

6. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written "validation" notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, or any portion thereof, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

7. Among other requirements, this validation must include the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2).

## PARTIES

8. Plaintiff is a natural person who at all relevant times resided in the State of Missouri, County of Saint Louis, and City of Saint Louis.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card obtained through the Kohl's department store (the "Debt").

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15. In connection with the collection of the Debt, Defendant sent Plaintiff an initial written communication dated May 19, 2014.

16. A true and accurate copy of Defendant's May 19, 2014 letter to Plaintiff is attached to this complaint as Exhibit A.

17. Defendant's May 19, 2014 letter stated "Our Client: Kohl's Department Stores, Inc."

18. However, upon information and belief, the creditor to whom the Debt was owed was not Kohl's Department Stores, Inc.

19. Rather, upon information and belief, the creditor to whom the Debt was owed was Capital One, N.A.

20. Accordingly, Defendant's May 19, 2014 letter failed to identify the creditor to whom the Debt was owed.

21. Defendant did not send a written notice to Plaintiff that made the disclosures required by 15 U.S.C. § 1692g within five days of May 19, 2014.

## CLASS ALLEGATIONS

22. Plaintiff repeats and re-alleges all factual allegations above.

23. Upon information and belief, Defendant's communications with Plaintiff are indicative of Defendant's standard practices and procedures while attempting to collect debts from a broad population of consumers.

24. Plaintiff brings this class action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All consumers in the United States to whom Defendant, in the year prior to the filing of this complaint and in connection with the collection of any debt, sent an initial written communication substantially similar or materially identical to Defendant's May 19, 2014 letter to Plaintiff, in that the communication stated that the creditor was Kohl's Department Stores, Inc. when it was actually Capital One, N.A. and to whom Defendant did not send a written notice to the consumer making the disclosures required by 15 U.S.C. § 1692g within five days of the initial communication.

25. The proposed class specifically excludes the United States of America, the State of Missouri, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eighth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all

4

persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

26. The class is averred to be so numerous that joinder of members is impracticable.

27. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

28. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

29. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

30. Plaintiff's claims are typical of those of the class she seeks to represent.

31. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

32. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

33. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

34. Plaintiff is willing and prepared to serve this Court and the proposed class.

35. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

36. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

38. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

41. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

42. Plaintiff repeats and re-alleges each and every factual allegation above.

43. A debt collector must, either in its initial communication with a consumer in connection with the collection of any debt or within five days after said initial communication, send the consumer a written notice that contains, among other things, the name of the creditor to whom the debt is owed.  15 U.S.C. § 1692g(a)(2).

44. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to disclose in its initial written communication with Plaintiff the name of the creditor to whom the Debt was owed and failing to send within five days of its initial communication with Plaintiff a written notice containing the name of the creditor to whom the debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)   Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)   Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.

Dated: April 16, 2015.

Respectfully submitted,

/s/Anthony LaCroix
Anthony LaCroix
LaCroix Law Firm, LLC
Bar No.60793
4235 Baltimore Ave.
Kansas City MO 64111
(816) 399-4380
tony@lacroixlawkc.com

*Co-counsel with Thompson Consumer Law Group*

Correspondence Address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206